IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RYAN NAM NGUYEN,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERINTENDENT KELLY, et al.,<br><br>    Defendants. | Case No. 6:18-cv-00840-JR<br><br>**OPINION AND ORDER** |

RUSSO, Magistrate Judge:

Plaintiff, formerly an inmate at the Oregon State Penitentiary (OSP), brings this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to allow a magistrate judge to enter final orders and judgment in this case in accordance with 28 U.S.C. § 636(c). Currently before the Court is defendants' unopposed Motion to Dismiss (ECF No. 15). For the reasons set forth below, this Court grants defendants' motion.

## **BACKGROUND**

Plaintiff brings this action against OSP Superintendent Brandon Kelly, Eastern Oregon Correctional Institution (EOCI) Superintendent Brigitte Amsberry, EOCI hearings officer

Page 1 – OPINION AND ORDER

Heather Nevil, EOCI correctional sergeant Gary Longhorn, and EOCI correctional counselor Kari Key. Pl.'s Compl. (ECF No. 1) at 3. Plaintiff's sole claim for relief provides as follows:

> I have or will be incarcerated for several more days than I should be due to negligence and malicious intent of administrative staff. A hearing for rule violation was postponed so the hearings officer could coach the officer writing the violation into how exactly to rewrite the write-up (hearings officer is supposed to be neutral) which resulted in the hearings [officer's] findings occurring in a whole other 6-month review period, resulting in the additional loss of good time that I would have kept had the violation been either written correctly (the first time it was filled with fictional abnormalities) or the investigation not been tampered with by the hearings officer. This occurred on or about May 1, 2017 . . . . The effects of this are ongoing until my release May 20, 2018.

Pl.'s Compl. at 4. Plaintiff seeks $1,000 for each day he was incarcerated beyond his "rightful incarceration time or whatever is customary." Id. at 6.

Defendants argue that plaintiff fails to state an Eighth Amendment claim because he has not alleged his sentence was grossly disproportionate to his crime and, if the Complaint is construed as raising a due process violation, the claim fails as a matter of law. Defendants also argue that plaintiff has failed to allege defendants Kelly, Amsberry, or Key were personally involved in the alleged constitutional violation and, in any event, plaintiff's claim is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1992). Finally, defendants contend that plaintiff cannot bring a pendent state claim for negligence. Plaintiff has filed no opposition.

## STANDARD OF REVIEW

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (internal quotations omitted). Plaintiff is proceeding *pro se*, and therefore this Court construes his Complaint liberally and affords plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## DISCUSSION

Plaintiff's Complaint challenges both the delay of his disciplinary hearing and the hearings officer's conduct in coaching a correctional officer on how to rewrite plaintiff's misconduct report. Although not cited by either party, plaintiff's contention that he was denied earned time credits because his disciplinary hearing occurred "in a whole other 6-month review period" implicates OR. ADMIN. R. 291-097-0240, governing the calculation and application of earned time credits. Pursuant to that rule, an inmate will receive earned time credits if he demonstrates both "case plan compliance" and "institution conduct compliance" *during each six-month review period.* OR. ADMIN. R. 291-097-0240(1) & (2) (emphasis added). The institutional conduct component requires the inmate be free of Level I or Level II misconduct during the relevant six-month review period. OR. ADMIN. R. 291-097-0240(2). Notably, "[w]hen determining whether an inmate engaged in misconduct during the review period, "[t]he date of the adjudication, not of the incident, [is] used for the date of the violation." Id. (emphasis added). Hence, a delay in a disciplinary hearing can cause an inmate to lose the opportunity to accrue earned time credits for a six-month review period different from the period in which his misconduct occurred.

I.   **Failure to State a Claim**

Defendants move to dismiss plaintiff's claim to the extent it is based on the Eighth Amendment because he has not alleged facts supporting a reasonable inference that his prison

Page 3 – OPINION AND ORDER

sentence was grossly disproportionate to the crime for which he was convicted. This Court agrees plaintiff has failed to state an Eighth Amendment claim because he has not alleged facts to support a reasonable inference that the denial of the opportunity to earn "several days" of earned time credits resulted in a sentence that was grossly disproportionate to the severity of his offense. See Snaman v. Thornburgh, 956 F.2d 275, at *3 (9th Cir. Feb. 25, 1992) (holding that a disciplinary sanction of the loss of 100 days good time credits did not violate the Eighth Amendment); Martin v. City of Boise, 902 F.3d 1031, 1046 (9th Cir. 2018) (holding that the Eighth Amendment proscribes punishment *grossly disproportionate* to the severity of the crime); see also Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (holding that "the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison"). Although the Ninth Circuit has held that "[d]etention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of deliberate indifference to the prisoner's liberty interest," plaintiff does not allege he was detained beyond his properly calculated release date. Rather, he alleges that he was denied the opportunity to reduce his sentence by accruing earned time credits during a six-month review period. Plaintiff has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).

If this Court liberally construes plaintiff's Complaint to raise a due process challenge based on the delay of his disciplinary hearing, plaintiff fails to state a claim because he has no due process right to have his disciplinary proceeding conducted in the same six-month review period as his misconduct. See Tillman v. Rios, 473 F. App'x 644, 645 (9th Cir. 2012) (rejecting prisoner's due process claim based on a delay in holding his hearing because he was accorded

the constitutionally required procedural protections);[1] Smith v. Ives, 275 F. Supp. 3d 1219, 1222-23 (D. Or. 2017) (holding that sixty day delay between issuance of incident report and disciplinary hearing, caused by the hearings officer's request that the incident report be rewritten, did not violate due process); Rogers v. Daniels, No. 1:07-cv-00933-CL, 2008 WL 346100, at *3 (D. Or. Feb. 6, 2008) (holding that inmate had no due process right to three-day timeline for disciplinary proceedings set forth in prison program statement); see also OR. ADMIN. R. 291-105-0021(5) (providing that unless an inmate is placed in temporary segregation status, a disciplinary hearing will be held as soon as practicable and may be postponed for a reasonable period for good cause).

Further, if this Court liberally construes plaintiff's Complaint as raising a distinct due process claim based on the hearings officer's "coaching" of the correctional officer to rewrite plaintiff's misconduct report, he fails to state a claim because he has not alleged facts to support a reasonable inference he was subjected to an "atypical and significant hardship in relation to the ordinary incidents of prison life" *as a result of the disciplinary decision and/or sanction* (as opposed to the alleged loss of earned time credits caused by the delay). See Sandin v. Connor, 515 U.S. 472, 483-84 (1995) (holding that liberty interest arises only when a restraint imposes an atypical and significant hardship). Hence, plaintiff has not alleged that he was deprived of a protected liberty interest.

Dismissal of plaintiff's claim also is warranted as to defendants Kelly, Amsberry, and Key because plaintiff has failed to allege facts to support a reasonable inference they were

---

[1] In Wolff, the Supreme Court held that a prisoner facing the loss of good time credits in a disciplinary hearing has the right to an impartial decision maker, 24-hour advance notice of the charges, a limited right to call witnesses and present evidence, the right to assistance if the inmate is illiterate or the issues are complex, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563-71.

Page 5 – OPINION AND ORDER

personally involved in the alleged constitutional violation. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that in order to state a claim, a plaintiff must allege the defendants were personally involved in the alleged constitutional violation). Correctional officials are not vicariously liable under § 1983 for the conduct of their employees. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691-94 (1978); Flores v. Cty. of Los Angeles, 758 F.3d 1154, 1158 (9th Cir. 2014); Taylor, 880 F.2d at 1045.

In sum, plaintiff has failed to state a claim for the violation of the Eighth or Fourteenth Amendments. The Court dismisses plaintiff's Complaint, with prejudice, because it is apparent that the deficiencies of the Complaint cannot be cured by amendment.

## II. Heck v. Humphrey

Defendants argue in the alternative that plaintiff's claim is barred by the rule set forth in Heck because (1) "this case would imply the invalidity of [plaintiff's] criminal conviction;" (2) "plaintiff has not pleaded facts from which it could be determined that his release from custody renders moot any habeas proceedings challenging his underlying criminal conviction;" and (3) "plaintiff has not pleaded that he expeditiously sought to collaterally attack his underlying state conviction in federal court." Defts' Mot. to Dismiss at 7. Because a dismissal pursuant to Heck would be *without* prejudice (see Medina v. Morris, 676 F. App'x 702, 703 (9th Cir. 2017)), this Court considers defendants' alternate argument despite having concluded that plaintiff fails to state a claim.

In Heck, the Supreme Court held a state prisoner's § 1983 claim for damages is not cognizable if a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has been reversed or otherwise invalidated. 512 U.S. at 487; Martin, 902 F.3d at 1043. In Edwards v.

Balisok, 520 U.S. 641, 645-48 (1997), the Court extended Heck's favorable termination rule to the revocation of good time credits if the alleged constitutional violation would, if established, imply the invalidity of the deprivation of good time credits. A plaintiff who has completed his term of incarceration may challenge the deprivation of good time credits in a § 1983 proceeding if he had no practical opportunity to pursue federal habeas relief because of the short duration of his confinement and he diligently pursued his available state remedies. Martin, 902 F.3d at 1044; Lyall v. City of Los Angeles, 807 F.3d 1178, 1191-92 & n. 12 (9th Cir. 2015); Nonnette v. Small, 316 F.3d 872, 876 (9th Cir. 2002).

Defendants' contention that a favorable judgment regarding the loss of earned time credits would implicate the legality of plaintiff's *criminal conviction* lacks merit. Rather, the pertinent question is whether a judgment in plaintiff's favor would implicate the legality of his disciplinary conviction and the lost opportunity to accrue earned time credits.

To the extent this Court construes plaintiff's Complaint as raising a due process claim based on the hearings officer's lack of "neutrality," the claim is not barred by Heck because plaintiff does not allege that he was deprived of the opportunity to accrue earned time credits based on the *outcome* of the disciplinary proceeding. Hence, a judgment in plaintiff's favor would not implicate the overall length of his confinement. See Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (holding that Heck does not apply to § 1983 suits challenging a disciplinary hearing sanction that does not affect the overall length of the prisoner's confinement").

To the extent this Court construes plaintiff's Complaint as raising a due process claim based on the delay of his disciplinary hearing, the applicability of Heck is a more difficult issue. However, it does not appear *from the face of the Complaint* that a favorable judgment necessarily would imply the invalidity of the deprivation of earned time credits. Rather, if plaintiff were to

Page 7 – OPINION AND ORDER

prevail on his claim, he would accrue earned time credits for the relevant six-month review period only if correctional officials determined he otherwise demonstrated both "institution conduct compliance" and case plan compliance[2] during the six-month review period in accordance with OR. ADMIN. R. 291-097-0240(1) & (2). Consequently, a judgment in plaintiff's favor would not necessarily result in the award of earned time credits. Accordingly, dismissal of the Complaint based on Heck is not warranted.

## CONCLUSION

Based on the foregoing, this Court GRANTS Defendants' Motion to Dismiss (ECF No. 15). Because it is apparent that plaintiff cannot cure the deficiencies of the Complaint by amendment, the dismissal is with prejudice. The Court declines to exercise jurisdiction over any pendent state law claim plaintiff intended to raise. See 28 U.S.C. 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-51 (1988).

IT IS SO ORDERED.

DATED this 13th day of March, 2019.

_____
JOLIE A. RUSSO
United States Magistrate Judge

---

[2] "Case plan compliance is defined as acceptable participation in work and self-improvement programs required within the case plan." OR. ADMIN. R. 291-097-0240(1). An inmate is considered "compliant" if he did not fail or refuse to participate in a required program activity during the review period. OR. ADMIN. R. 291-097-0240(1)(a). "As needed, the counselor or multi-disciplinary team will evaluate an inmate's compliance with the required program activity." OR. ADMIN. R. 291-097-0240(1)(b).